IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) |
| Debtors.[1] | § § § § | (Jointly Administered) |
| MARK KRONFELD, Not Individually but Solely in His Capacity as Trustee of the SHC Creditor Litigation Trust | § § § § § § | Adv. Pro. No. 25-03574 (CML) |
| Plaintiff, | § § | |
| vs. | § § | |
| GENSET FIRE & SECURITY LLC | § § § | |
| Defendant. | § § | |

### AMENDED COMPLAINT TO (I) AVOID AND RECOVER AVOIDABLE TRANSFER(S) AND (II) DISALLOW CLAIMS

Mark Kronfeld, not individually but solely in his capacity as Trustee of the SHC Creditor Litigation Trust (the "Litigation Trust" or "Plaintiff"), as the assignee and transferee of the causes of action of Steward Health Care System LLC and its debtor affiliates in the above captioned Chapter 11 cases (collectively, the "Debtors") by their attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), hereby submit this amended complaint (the "Complaint") to avoid and recover certain transfers made by the Debtors, as set forth on **Exhibit A**, to or for the benefit of the above-captioned defendant ("Defendant"), and allege the following facts and claims upon information and belief

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

based on reasonable due diligence in the circumstances of the Debtors' cases and the documents and information presently available:

## SUMMARY OF THE ACTION

1. Plaintiff seeks a money judgment relating to one or more avoidable transfers (the "Avoidable Transfer(s)") identified on **Exhibit A,** attached hereto and incorporated by reference as if set forth herein, that was made by the Debtors to or for the benefit of Defendant during the ninety (90) day period preceding the commencement of the Debtors' bankruptcy cases (the "Preference Period").

2. Plaintiff seeks entry of a judgment against Defendant: (i) avoiding (a) pursuant to 11 U.S.C. (the "Bankruptcy Code") § 547(b), any preferential transfer to or for the benefit of Defendant, or, in the alternative; (b) pursuant to Bankruptcy Code § 548(a)(1)(B), any transfer that may have been a fraudulent transfer; (ii) pursuant to Bankruptcy Code § 550(a), directing Defendant to pay to the Debtors an amount to be determined at trial that is not less than the amount of the Avoidable Transfer(s), plus interest and costs;  and (iii) pending such payment, disallowing any claim of Defendant against the Debtors pursuant to Bankruptcy Code § 502(a)–(j).

3. To the extent that Defendant has filed a proof of claim in the Debtors' cases or has otherwise requested payment from the Debtors' estates (*i.e.*, has made one or more "Claim(s)" against the estates), this Complaint is not intended to be, nor should it be construed as, a waiver of the Debtors' rights to object to such Claim(s) for any reason including, but not limited to, pursuant to Bankruptcy Code § 502, and any and all such rights are expressly reserved.

## THE PARTIES

4. Plaintiff is the assignee and transferee of the causes of action of the Debtors under the Plan, as defined below, and the *Order (I) Approving Settlement with FILO Secured Parties; (II) Authorizing and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* [Docket No. 5035] (the "FILO Settlement Order").

5. The Debtors are not substantively consolidated.

6. Defendant has a business address at 3100 Gateway Dr., Pompano Beach, FL 33069.

## JURISDICTION AND VENUE

7. The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court" or the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

8. This adversary proceeding is commenced pursuant to Bankruptcy Code §§ 105(a), 502, 547, 548, 550, and 551; Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 3007, 6009, and 7001; and Rule 7008-1 of the Bankruptcy Court's Local Rules.

9. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), -(B), -(F), -(H), and -(O), and this Court has jurisdiction to hear and to determine this proceeding and to enter a final order and judgment therein. In the event that this Court or any other Court finds any part of this adversary proceeding to be

3

"non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. § 1334 because the relief sought herein relates to the Debtors' bankruptcy cases and will have a material impact on the administration of the Debtors' estates.

10. Plaintiff consents to entry of final orders and judgments by this Court in this adversary proceeding pursuant to Bankruptcy Rule 7008. Plaintiff also consents to entry of final orders or judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

11. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises in and is related to the Debtors' bankruptcy cases pending in this Court.

## FACTUAL ALLEGATIONS

### A. The Debtors' Bankruptcy Cases

12. On May 6, 2024 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to continue to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

13. On May 16, 2024, the United States Trustee for Region 7 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases.

14. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

15. On July 11, 2025, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* [Docket No. 5492] (the "Plan").

16. The Plan and the FILO Settlement Order provided for: (i) the establishment of a litigation trust that would be assigned "all Avoidance Actions asserted or assertable by the Debtors" (the "Litigation Trust"); and (ii) the appointment of a litigation trustee who would be "empowered, without the need for Bankruptcy Court approval, to . . . pursue, prosecute, settle, abandon, or otherwise resolve" the Avoidance Claim (and other similar claims) on the Litigation Trust's behalf, "including through the commencement, participation, defense, or continuation of legal proceedings, including judicial, arbitration or administrative proceedings, in any domestic or foreign jurisdiction . . . during or after the pendency of these Chapter 11 Cases" (the "Litigation Trustee"). *See* Plan, Art. VII § 7.1; Ex. C, Schedule 1 ¶ 4.

17. On July 15, 2025, the Debtors commenced the above-captioned adversary proceeding against Defendant in the Bankruptcy Court by filing a complaint to avoid and recover the Avoidable Transfer(s) pursuant to Bankruptcy Code §§ 502, 547, 548, and 550 (the "Avoidance Claim").

18. The Litigation Trust, n/k/a the SHC Creditor Litigation Trust, has been in effect as of July 17, 2025, and has since retained the Togut Firm, and Mark Kronfeld has been appointed as Litigation Trustee for the Litigation Trust. *See Notice of Further Extension of (I) Maturity Date Under FILO DIP Credit Agreement and (II) Litigation Trust Establishment Date* [Docket No. 5703].

19. On July 25, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming*

*Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* [Docket No. 5774], which confirmed the Plan. Under the Plan, the Debtors are not substantively consolidated.

20. On September 15, 2025, the Court entered *Order Authorizing The Substitution of Litigation Trustee as Named Plaintiff and Change of Case Caption in Avoidance Actions* [Docket No. 5917].

21. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 cases is set forth in the *Declaration of John R. Castellano in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 38] (the "First Day Declaration"),[2] filed on the Petition Date and incorporated herein by reference.

**B.    The Avoidable Transfer(s)**

22. Between July 9, 2024 and July 12, 2024, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs [Docket Nos. 1192-1219, 1221-1526, 1583, 1637]; *see also* [Docket Nos. 1584, 2840] (amendments).

23. During the Preference Period, the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier's checks, wire transfers, ACH transfers, direct deposits, or otherwise to certain entities, including Defendant.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

24. During the course of their relationship, the Debtors and Defendant entered into agreements, evidenced by invoices, communications, and other documents, pursuant to which the Debtors and Defendant conducted business with one another.

25. Plaintiff seeks to avoid all of the transfers of an interest in any of the Debtors' property made by the Debtor to Defendant during the Preference Period.

26. During the course of this proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that are otherwise avoidable. It is Plaintiff's intention to avoid and recover all transfers made by any Debtor of an interest in property of the Debtors to or for the benefit of Defendant.

27. To the extent that the Debtors' records do not accurately identify all transfers made by the Debtors of an interest in the Debtors' property, including, but not limited to, any pre-petition transfers that cleared post-petition, Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the Avoidable Transfer(s); (ii) additional transfers; (iii) modifications of and/or revision of Defendant's name or identity; (iv) additional defendants; and/or (v) additional causes of action (collectively, the "Amendments"), that may become known to Plaintiff at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and to seek a ruling from the Court holding that any Amendment relates back to the date of the original Complaint against Defendant.

## COUNT I – TO AVOID PREFERENTIAL TRANSFER(S) PURSUANT TO 11 U.S.C. § 547(b)

28. Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

29. During the Preference Period, the Debtors made the Avoidable Transfer(s) to, or for the benefit of, Defendant in the amounts set forth on **Exhibit A**, which is incorporated by reference as if fully set forth herein.

30. During the Preference Period and at the time of the Avoidable Transfer(s), Defendant was a creditor of the Debtors within the meaning of Bankruptcy Code § 547(b)(1) by virtue of supplying goods, services, and/or loans for which the Debtors were obligated to make payment.

31. According to the Debtors' books and records, and after reasonable due diligence concerning the Avoidable Transfer(s), including, but not limited to, the service of a demand letter on Defendant, the Avoidable Transfer(s) were made to, or for the benefit of, Defendant because the Avoidable Transfer(s) either reduced or fully satisfied one or more debts then owed by the Debtors to Defendant.

32. The Debtors, with their professional advisors, reviewed the Debtors' books and records to determine whether certain pre-petition transfers qualified as preferential transfers or fraudulent transfers and to evaluate reasonably knowable affirmative defenses that Defendant might assert. The Debtors also reviewed, among other things, proofs of claim filed by the Debtors' creditors against the Debtors' estates, and other reasonably available information concerning the Debtors' affairs. Based upon such review, the Debtors determined that the Avoidable Transfer(s) are subject to avoidance and recovery by the Debtors' estates.

33. The Plaintiff has undertaken similar diligence and concluded that the Avoidable Transfer(s) are subject to avoidance and recovery.

34. The Debtor that owed the antecedent debt (as listed on **Exhibit A**, which is incorporated by reference as if fully set forth herein) caused the Avoidable

Transfer(s) to be made. The Avoidable Transfer(s) were made from funds in an account maintained by Debtor Steward Health Care System LLC, and as such, was a transfer of an interest in property of the Debtors.

35. The Avoidable Transfer(s) were made while the Debtors were insolvent. The Debtors are entitled to the presumption of insolvency for the Avoidable Transfer(s) made during the Preference Period Bankruptcy Code § 547(f).

36. Further, the Debtors' liabilities exceeded the value of the Debtors' assets during the Preference Period, as evidenced by, among other things: (i) the Petition; (ii) the Schedules; and (iii) the proofs of claim that have been filed against the Debtors' estates.

37. Plaintiff estimates that Debtors' general unsecured creditors will receive less than full value on account of those of their claims against the Debtors' estates that are allowed.

38. The Avoidable Transfer(s) were made during the Preference Period.

39. The Avoidable Transfer(s) enabled Defendant to receive more than it would receive if: (i) the Debtors' case were a case under chapter 7 of the Bankruptcy Code; (ii) the Avoidable Transfer(s) had not been made; and (iii) Defendant received payment of its debts owed by the Debtors to the extent provided by the provisions of the Bankruptcy Code.

40. Defendant was either the initial transferee of the Avoidable Transfer(s), the entity for whose benefit the Avoidable Transfer(s) were made, or the immediate or mediate transferee of the initial transferee of the Avoidable Transfer(s).

41. By reason of the foregoing, the Avoidable Transfer(s) should be avoided and set aside as preferential transfer(s) pursuant to Bankruptcy Code § 547(b).

## COUNT II – TO AVOID FRAUDULENT TRANSFER(S) PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

42. Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

43. The Avoidable Transfer(s) were made from funds in an account maintained by Debtor Steward Health Care System LLC, and as such, was a transfer of an interest in property of the Debtors.

44. The Avoidable Transfer(s) were made within two (2) years prior to the Petition Date.

45. The Avoidable Transfer(s) were made to, or for the benefit of, Defendant.

46. Subject to proof, Plaintiff pleads, in the alternative, that to the extent that Defendant demonstrates that the Avoidable Transfer(s) were not on account of an antecedent debt owed by the Debtors, were not prepayments for goods and/or services, or otherwise do not qualify as preferential transfers within the meaning of Bankruptcy Code § 547(b), the Debtors did not receive reasonably equivalent value in exchange for the Avoidable Transfer(s) because (i) the value of the services and/or goods received was less than reasonably equivalent value in exchange for the Avoidable Transfer(s) and (ii) the Debtors: (a) were insolvent at the time of the Avoidable Transfer(s) or became insolvent as a result of the Avoidable Transfer(s); (b) were engaged in business or a transaction for which any property remaining with the Debtors was unreasonably small capital at the time of, or as a result of, the

Avoidable Transfer(s); or (c) intended to incur, or believed that it would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

47. By reason of the foregoing, the Avoidable Transfer(s) should be avoided and set aside as fraudulent transfer(s) pursuant to Bankruptcy Code § 548.

### COUNT III – TO RECOVER AVOIDABLE TRANSFER(S) PURSUANT TO 11 U.S.C. § 550

48. Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

49. Plaintiff is entitled to avoid the Avoidable Transfer(s) pursuant to Bankruptcy Code § 547(b), or, alternatively, pursuant to Bankruptcy Code § 548 of the Bankruptcy Code.

50. Defendant was the initial transferee of the Transfer(s), the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfer(s) were made.

51. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than the total value of the Transfer(s), including the amount of the Transfer(s), interest thereon accruing from the date that demand for return of the transferred property was made until the date the Plaintiff recovers the property, plus the costs of prosecuting the Avoidance Claim.

### COUNT IV - TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

52. Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

11

53. Defendant is an entity from which property is recoverable under Bankruptcy Code § 550.

54. Defendant was the initial transferee of the Transfer(s), the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfer(s) were made.

55. Defendant has not paid to Plaintiff the value of the Transfer(s), or turned over such property to Plaintiff, for which Defendant is liable under Bankruptcy Code § 550.

56. Pursuant to Bankruptcy Code § 502(d), any and all Claim(s) of Defendant and/or its assignee(s) against the Debtors' estates or the Debtors must be disallowed until such time as Defendant pays to Plaintiff all amounts sought herein.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against Defendant:

a) avoiding the Transfer(s) pursuant to Bankruptcy Code § 547(b), or, in the alternative, pursuant to Bankruptcy Code § 548;

b) pursuant to Bankruptcy Code § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the full value of the Transfer(s);

c) disallowing any of Defendant's Claim(s) against the Debtors pursuant to Bankruptcy Code §502(d);

d) awarding post-judgment interest at the maximum legal rate running from the date of the judgment with respect to this Complaint (the "Judgment") until the date that the Judgment is paid in full, plus costs;

e) awarding prejudgment interest at the maximum legal rate running from the date that demand for return of the transferred property was made to the date of the Judgment, plus costs;

 f) requiring Defendant to pay forthwith the amount of the Judgment, interest, and costs; and

 g) granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: November 6, 2025
   New York, New York

          Respectfully submitted,

          /s/ Brian F. Moore
          TOGUT, SEGAL & SEGAL LLP
          Albert Togut (admitted *pro hac vice*)
          Frank A. Oswald (admitted *pro hac vice*)
          Brian F. Moore (admitted *pro hac vice*)
          One Penn Plaza, Suite 3335
          New York, New York 10119
          Telephone: (212) 594-5000

          *Counsel to the SHC Creditor Litigation Trust and Mark Kronfeld, not individually but solely in his capacity as Trustee of the SHC Creditor Litigation Trust*

Exhibit A

Schedule of Transfers to

GENSET FIRE & SECURITY LLC

| Debtor Transferor | Invoice Date | Invoice Number | Invoice Amount | Payment Date | Check Number | Total Check Amount |
|---|---|---|---|---|---|---|
| Steward CGH, Inc. | 7/26/23 | 45713 | $710.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward CGH, Inc. | 10/23/23 | 47365 | $1,669.20 | 2/21/24 | 3092255 | $89,038.62 |
| Steward CGH, Inc. | 11/10/23 | 47675 | $2,350.32 | 2/21/24 | 3092255 | $89,038.62 |
| Steward CGH, Inc. | 11/16/23 | 47831 | $4,774.88 | 2/21/24 | 3092255 | $89,038.62 |
| Steward CGH, Inc. | 1/23/23 | 42608 | $2,080.00 | 3/15/24 | 745442 | $29,909.77 |
| Steward CGH, Inc. | 4/21/23 | 44196 | $1,187.00 | 3/15/24 | 745442 | $29,909.77 |
| Steward CGH, Inc. | 7/24/23 | 45679 | $4,060.36 | 3/15/24 | 3094489 | $31,725.90 |
| Steward CGH, Inc. | 11/16/23 | 47834 | $3,024.00 | 3/15/24 | 3094489 | $31,725.90 |
| Steward CGH, Inc. | 12/9/23 | 48200 | $660.00 | 3/15/24 | 3094489 | $31,725.90 |
| Steward CGH, Inc. | 2/2/24 | 49185 | $1,832.08 | 3/15/24 | 3094489 | $31,725.90 |
| Steward CGH, Inc. | 2/7/24 | 49283 | $1,120.00 | 3/15/24 | 3094489 | $31,725.90 |
| Steward HH, Inc. | 7/5/23 | 45387 | $1,189.71 | 2/21/24 | 3092255 | $89,038.62 |
| Steward HH, Inc. | 9/18/23 | 46716 | $483.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward HH, Inc. | 10/27/23 | 47446 | $1,153.50 | 2/21/24 | 3092255 | $89,038.62 |
| Steward HH, Inc. | 11/7/23 | 47582 | $3,150.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward HH, Inc. | 11/27/23 | 47932 | $548.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward HH, Inc. | 1/5/24 | 48746 | $1,003.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward HH, Inc. | 1/5/24 | 48734 | $678.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward HH, Inc. | 1/5/24 | 48749 | $1,388.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward HH, Inc. | 1/11/24 | 187945 | $1,120.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward HH, Inc. | 1/26/24 | 49087 | $2,542.50 | 2/21/24 | 745269 | $9,539.53 |
| Steward HH, Inc. | 1/26/24 | 49086 | $575.00 | 2/21/24 | 745269 | $9,539.53 |
| Steward HH, Inc. | 2/12/24 | 189178 | $1,316.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward HH, Inc. | 4/3/24 | HI49950 | $100,316.00 | 4/15/24 | 3097576 | $100,316.00 |
| Steward NSMC, Inc. | 10/6/23 | 47037 | $12,162.00 | 2/13/24 | 745171 | $20,593.12 |
| Steward NSMC, Inc. | 12/15/23 | 48384 | $8,431.12 | 2/13/24 | 745171 | $20,593.12 |
| Steward NSMC, Inc. | 12/21/23 | 48456 | $405.00 | 2/13/24 | 3091092 | $9,245.28 |
| Steward NSMC, Inc. | 1/5/24 | 48750 | $6,912.50 | 2/13/24 | 3091092 | $9,245.28 |
| Steward NSMC, Inc. | 1/5/24 | 48753 | $1,297.50 | 2/13/24 | 3091092 | $9,245.28 |
| Steward NSMC, Inc. | 1/18/24 | 48981 | $630.28 | 2/13/24 | 3091092 | $9,245.28 |
| Steward NSMC, Inc. | 1/2/14 | 48609 | $6,422.03 | 2/21/24 | 745269 | $9,539.53 |
| Steward NSMC, Inc. | 6/12/23 | 45048 | $749.27 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 6/12/23 | 45049 | $799.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 6/13/23 | 45087 | $856.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 6/26/23 | 45238 | $936.90 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 8/2/23 | 45895 | $1,142.14 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 8/23/23 | 46274 | $7,019.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 9/25/23 | 46840 | $800.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 10/6/23 | 47038 | $1,274.33 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 10/16/23 | 47265 | $474.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 11/16/23 | 47837 | $9,428.84 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 12/9/23 | 48213 | $2,354.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 1/2/24 | 48614 | $702.44 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 1/4/24 | 187591 | $352.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 1/5/24 | 48747 | $1,590.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 1/26/24 | 188585 | $1,379.25 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 2/2/24 | 49183 | $3,845.97 | 2/21/24 | 3092255 | $89,038.62 |
| Steward NSMC, Inc. | 2/12/24 | 48642 | $9,000.00 | 3/15/24 | 3092526 | $28,250.00 |
| Steward NSMC, Inc. | 2/12/24 | 48719 | $19,250.00 | 3/15/24 | 3092526 | $28,250.00 |
| Steward NSMC, Inc. | 3/1/24 | 47812 | $632.00 | 4/8/24 | 3095766 | $632.00 |
| Steward NSMC, Inc. | 3/22/24 | FM49784 | $7,276.00 | 4/24/24 | 3098472 | $16,001.12 |
| Steward NSMC, Inc. | 4/3/24 | FMC50116 | $8,407.00 | 4/24/24 | 3098472 | $16,001.12 |
| Steward NSMC, Inc. | 4/4/24 | FMC50141 | $318.12 | 4/24/24 | 3098472 | $16,001.12 |
| Steward PGH, Inc. | 3/2/23 | 43277 | $390.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/2/23 | 43275 | $725.92 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/2/23 | 43276 | $41.28 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/2/23 | 43276 | $589.66 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/2/23 | 43275 | $50.82 | 2/21/24 | 3092255 | $89,038.62 |

## Exhibit A

### Schedule of Transfers to

### GENSET FIRE & SECURITY LLC

| Debtor | Date | Ref | Amount | Date | Ref | Amount |
|---|---|---|---|---|---|---|
| Steward PGH, Inc. | 3/3/23 | 43300 | $334.10 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/3/23 | 43300 | $23.39 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/4/23 | 43309 | $7,290.63 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/4/23 | 43309 | $510.35 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/15/23 | 43590 | $1,686.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/15/23 | 43591 | $1,686.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/20/23 | 43642 | $1,320.06 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 3/20/23 | 43642 | $92.40 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 8/29/23 | 46336 | $146.62 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 8/29/23 | 46336 | $2,094.51 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 8/31/23 | 46383 | $45.50 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 8/31/23 | 46383 | $650.04 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 9/1/23 | 46437 | $55.36 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 9/1/23 | 46437 | $790.84 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 9/7/23 | 46519 | $1,046.88 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 9/12/23 | 46611 | $49.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 9/12/23 | 46611 | $700.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 10/4/23 | 47015 | $530.50 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 10/16/23 | 47268 | $690.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 10/27/23 | 47442 | $758.34 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 10/27/23 | 47444 | $498.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 11/4/23 | 47542 | $498.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 11/6/23 | 47553 | $1,845.75 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 11/16/23 | 47830 | $2,696.40 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 11/27/23 | 186061 | $786.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 11/27/23 | 47924 | $699.95 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 12/1/23 | 48004 | $1,106.09 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 12/2/23 | 48013 | $846.62 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 12/7/23 | 186654 | $1,490.00 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 1/5/24 | 48741 | $1,036.86 | 2/21/24 | 3092255 | $89,038.62 |
| Steward PGH, Inc. | 11/9/23 | 47634 | $1,161.34 | 3/15/24 | 3094489 | $31,725.90 |
| Steward PGH, Inc. | 1/30/24 | 49124 | $1,725.01 | 3/15/24 | 3094489 | $31,725.90 |
| Steward PGH, Inc. | 2/7/24 | 49270 | $16,457.00 | 3/15/24 | 3094489 | $31,725.90 |
| Steward PGH, Inc. | 2/7/24 | 49273 | $1,686.11 | 3/15/24 | 3094489 | $31,725.90 |
| Steward Sebastian River Medical Center, Inc. | 2/28/24 | 49181 | $942.50 | 3/15/24 | 745442 | $29,909.77 |
| Steward Sebastian River Medical Center, Inc. | 3/1/24 | 46225 | $12,100.00 | 3/15/24 | 745442 | $29,909.77 |
| Steward Sebastian River Medical Center, Inc. | 3/4/24 | 49260 | $3,750.00 | 3/15/24 | 745442 | $29,909.77 |
| Steward Sebastian River Medical Center, Inc. | 3/5/24 | SR49247 | $3,875.00 | 3/15/24 | 745442 | $29,909.77 |
| Steward Sebastian River Medical Center, Inc. | 3/6/24 | SR49336 | $5,975.27 | 3/15/24 | 745442 | $29,909.77 |

Total: $335,251.34